IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PATRICK S., individually and on behalf of P.S., a minor,<br><br>Plaintiffs,<br>v.<br><br>UNITED HEALTHCARE INSURANCE CO.; UNITED BEHAVIORAL HEALTH; INSPERITY HOLDINGS, INC.; and the INSPERITY GROUP HEALTH PLAN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE<br><br>Case No. 2:24-cv-307-TS-DAO<br><br>Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

This matter is before the Court on Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. Section 1404(A).[1] The Court finds that the relevant factors weigh in favor of transfer to the Western District Of Texas and will therefore grant the Motion.

I. BACKGROUND

Plaintiffs, Patrick S. individually and on behalf of his minor child, P.S., filed this suit against Defendants, United Healthcare Insurance Company ("UHIC") and United Behavioral Health ("UBH") (collectively "United"), Insperity Holdings Inc. (the "Plan Administrator"), and the Insperity Group Health Plan ( the "Plan") seeking an order awarding them benefits under the Plan[2] and allege violation of the Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA").[3] Plaintiffs also seek statutory penalties under 29 U.S.C. § 1132(a)(1)(A) and (c).

---

[1] Docket No. 14.

[2] 29 U.S.C. § 1132(a)(1)(B).

[3] *Id.* § 1132(a)(3).

Plaintiffs reside in Travis County, Texas.[4] For the claims at issue, United is the insurer and claims administrator, as well as the fiduciary under the Employee Retirement Income Security Act of 1974 ("ERISA").[5] UHIC is a Connecticut corporation with its principal place of business in Connecticut.[6] UBH is a California corporation with its principal place of business also in California.[7] The Plan Administrator is located in Texas, but does business across the country, including maintaining an office in Salt Lake County, Utah.[8] The Plan is a fully insured employee welfare benefits plan under ERISA.[9] Patrick was a participant in the Plan and P.S. was a beneficiary of the Plan at all relevant times.[10]

From August 2022 through January 2024, P.S. received medical care and treatment at Heritage School, a residential treatment facility located in Utah County, Utah that provides sub-acute inpatient treatment to adolescents with mental health, behavioral, and/or substance abuse disorders.[11] United denied claims for payment of P.S.'s medical expenses for his treatment at Heritage.[12] Plaintiffs appealed the decision to deny coverage multiple times, and United either denied those appeals or did not respond.[13] Subsequently, Plaintiffs filed suit.

---

[4] Docket No. 1 ¶ 1.
[5] 29 U.S.C. § 1001 *et seq.*
[6] Docket No. 14, at 2.
[7] *Id.*
[8] *Id.*; Docket No. 1 ¶ 4.
[9] Docket No. 1 ¶ 5.
[10] *Id.*
[11] *Id.* ¶ 6.
[12] *Id.* ¶ 7.
[13] *Id.* ¶¶ 13–24.

Defendants filed this Motion to Transfer pursuant to 28 U.S.C. § 1404(b), arguing that because the Plan was administered in the Western District of Texas and Plaintiffs reside there, it is the more appropriate and convenient venue to litigate this case. Plaintiffs oppose transfer arguing that the claims and appeals at issue in the case were sent to a United facility in Salt Lake for processing, UHIC has a substantial business presence in Utah, and treatment took place in Utah.[14]

## II. ANALYSIS

"For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[15] Courts are given discretion to decide motions to transfer venue on an "individualized, case-by-case consideration of convenience and fairness."[16]

"The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[17] "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue."[18] "[T]he moving party must provide evidence showing the inconvenience; mere allegations are not sufficient to meet the moving party's burden of proof."[19]

---

[14] *Id.* ¶ 9.

[15] 28 U.S.C. § 1404(a).

[16] *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *accord Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

[17] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (internal citations omitted).

[18] *Emps. Mut. Cas. Co. v. Bartile Roofs*, 618 F.3d 1153, 1167 (10th Cir. 2010) (internal quotation marks and citations omitted).

[19] *Briesch v. Auto Club of S. Cal.*, 40 F. Supp. 2d 1318, 1322 (D. Utah 1999).

To determine whether the party seeking transfer met its burden, a court should consider the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[20]

The Court first looks to whether the action could have originally been brought in the proposed transferee district. An action brought under ERISA "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."[21] Here, the parties do not dispute that the case could have originally been filed in the Western District of Texas where the alleged breach took place.[22] There is also no dispute that the action is proper in the District of Utah because Defendants are "found" here.[23]

The Court then turns to whether the Western District of Texas or the District of Utah is the more appropriate forum under the *Chrysler Credit Corp.* factors.

A. Plaintiffs' Choice of Forum

> Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed. The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district. Courts also accord little

---

[20] *Chrysler Credit Corp.*, 928 F.2d at 1516 (internal quotation marks and citations omitted).

[21] 29 U.S.C. § 1132(e)(2).

[22] Docket No. 19, at 9–14.

[23] *Id.* at 10; Docket No. 20, at 2; *see* 29 U.S.C. § 1132(e)(2).

4

weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.[24]

Here, Plaintiffs do not reside in Utah and the decision to deny benefits was not made in Utah.[25] Although P.S. received treatment in Utah, this district has declined to defer to a plaintiff's choice of forum where the location of the plaintiff's treatment was the only connection to the forum.[26] Defendants argue that consistent with this district's case law, the Court should not defer to Plaintiffs' choice of forum. Plaintiffs argue that this factor weighs in favor of their choice of forum because in addition to treatment taking place in Utah, United directed appeals to the State and compiled those appeals into the prelitigation appeal record in Utah.[27]

"Even where venue is proper, courts allow transfer of venue where there is no material relationship between a plaintiff's choice of forum and the case at hand."[28] Here, there is no material relationship between Plaintiffs' choice of forum and the case at hand. Although Plaintiffs extensively discuss United's business and employees in the State, those facts are largely unrelated to the issues before the Court. Further, the Court does not find that receiving

---

[24] *Emps. Mut. Cas. Co.*, 618 F.3d at 1167–68 (internal quotation marks and citations omitted).

[25] Docket No. 14, at 7 ("[N]one of the reviewers for UHIC or UBH who issued the decision letters in response to Plaintiffs' appeals were located in Utah").

[26] *See e.g.*, *Brian H. v. United Healthcare Ins. Co.*, No. 2:23-cv-00646 JNP, 2024 WL 4252912, at *3 (D. Utah Sept. 20, 2024); *Richard T.B. v. United Healthcare Ins. Co.*, No. 2:18-cv-73- JNP, 2019 WL 145736, at *3 (D. Utah Jan. 9, 2019); *Michael M. v. Nexen Pruet Grp. Med. & Dental Plan*, No. 2:17-cv-01236-TS, 2018 WL 1406600, at *5 (D. Utah Mar. 19, 2018); *IHC Health Servs. Inc. v. Eskaton Props., Inc.*, No. 2:16-cv-3-DN, 2016 WL 4769342, at *9 (D. Utah Sept. 12, 2016).

[27] Docket No. 19, at 19.

[28] *Brian H.*, 2024 WL 4252912, at *4 (citing *J.K. v. Anthem Blue Cross & Blue Shield*, No. 2:22-cv-00370-JNP, 2023 WL 6276598, at *3 (D. Utah Sept. 26, 2023)).

appeals and compiling the record in Utah are facts giving rise to the lawsuit, nor does the Court find that these contacts have a material connection to the facts of this case.

Defendants cite *K.A. v. United Healthcare Insurance Company*,[29] in which a court in this district concluded that the plaintiff's choice of forum in Utah was entitled to little weight because the only connections to Utah were the location of the plaintiff's counsel and United's facility where some documents related to the claim may have passed.[30] Plaintiffs argue that the court in *K.A.* had limited information about the defendant United's facility in Utah in reaching this conclusion and therefore the case is not applicable.[31] The Court does not find this persuasive. Plaintiffs do not dispute that the benefits and appeals decisions in this case were not made at the facility located in Utah where Plaintiffs sent their appeals. Although Plaintiffs argue that compiling the record is in the "course of" those decisions, this does not demonstrate a material relationship between Plaintiffs' chosen forum and the case. Accordingly, Utah lacks any significant connection with the operative facts of the case, and the Court will give little weight to Plaintiffs' choice of forum.

B. Accessibility of Witnesses and Other Sources of Proof

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."[32] However, under ERISA, the convenience of witnesses is not as important because the Court's review is generally limited to the administrative record.[33] "Nevertheless, to the extent

---

[29] No. 2:23-cv-00315-RJS-JCB, 2023 WL 7282544 (D. Utah Nov. 3, 2023).

[30] *Id.* at *3.

[31] Docket No. 19, at 16–17.

[32] *Emps. Mut. Cas. Co.*, 618 F.3d at 1169 (internal quotation marks and citation omitted).

[33] *Michael M.*, 2018 WL 1406600, at *5 (citing *IHC Health Servs., Inc.*, 2016 WL 4769342, at *9 ("[T]he convenience of the witnesses is not as important an issue in this case because the review in ERISA cases is generally limited to the administrative record[.]")).

witnesses may be required, courts have concluded that relevant witnesses in ERISA cases are those involved in administering the plan and denying the claims."[34] Plaintiffs assert that their witnesses are located in Utah and California and, therefore, Texas would be inconvenient. However, according to Plaintiffs, these witnesses would testify to "what Plaintiff sent to United" and "what United received from Plaintiff."[35] But these are not witnesses involved in administering the plan or denying the claims. Defendants do not address where relevant witnesses are located, other than that they are not located in Utah.[36] As such, this factor is neutral.

C. Costs

Plaintiffs argue that the costs of making necessary proof weighs in favor of litigating in the District of Utah because witnesses testifying as to what United received from Plaintiff are located in Utah. Defendants argue that because the relevant persons involved in Plan administration and denial of Plaintiffs' claims are not located in Utah, the cost of making necessary proof does not weigh in favor of litigating in Utah. The Court does not find that this factor weighs in favor of either forum.

D. Conflicts of Laws, Local Law, and Enforceability

This is a federal question case involving application of federal law, so "questions arising in the areas of conflicts of law or local law will not occur in this case."[37] Regarding enforceability, any judgment against Defendants would be easier to enforce in Texas, where the

---

[34] *Rula A.-S. v. Aurora Health Care*, No. 2:19-cv-00982-DAO, 2020 WL 7230119, at *4 (D. Utah Dec. 8, 2020).

[35] Docket No. 19, at 14.

[36] Docket No. 20-1.

[37] *IHC Health Servs., Inc.*, 2016 WL 4769342, at *8.

Plan is located and administered.[38] The issue of enforceability, therefore, weighs in favor of transfer.

E. Docket Congestion

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and the average weighted filings per judge."[39]

An analysis of those statistics in the District of Utah and the Western District of Texas suggests the burden on either court would be similar. The median time frame from filing to disposition in the District of Utah is 11.3 months and 7.4 months in the Western District of Texas.[40] The average median time frame from filing to trial in civil cases is 54.4 months in Utah and 26.4 months in the Western District of Texas.[41] The Western District of Texas has higher average weighted filings per judge at 801 to the District of Utah's 431.[42] The Court finds that these statistics weigh in favor of transfer.

F. Other Practical Considerations

"[C]onvenience is not the only policy underlying § 1404(a): the interest of justice in the proper venue should not be forgotten."[43] Considering all the facts, the Western District of Texas is the forum with the greatest connection to the operative facts of this case and is the most

---

[38] *See Michael M.*, 2018 WL 1406600, at *6; *Brian H.*, 2024 WL 4252912, at *5.

[39] *Emps. Mut. Cas. Co.*, 618 F.3d at 1169.

[40] United States District Courts National Caseload Profile (12-Month Period Ending June 30, 2023), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2023.pdf.

[41] *Id.*

[42] *Id.*

[43] *Michael M.*, 2018 WL 1406600, at *7 (quoting *Danny P. v. Cath. Health Initiatives*, No. 1:14-cv-22-DN, 2015 WL 164183, at *3 (D. Utah Jan. 13, 2015)).

appropriate forum. The interest of justice in this case favors transfer to the Western District of Texas as plaintiffs do not reside in Utah and the Plan was not administered, adjudicated, or breached in Utah.[44] The practical considerations and interests of justice weigh in favor of transfer to the Western District of Texas, where the Plan is located and administered.

Therefore, the Court finds that the factors for convenience weigh in favor of transfer and the interests of justice will best be served by transferring this case to the Western District of Texas.

### III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Transfer Venue (Docket No. 14) is GRANTED; It is further

ORDERED that the Clerk of the Court shall transfer this action to the United States District Court for the Western District of Texas.

DATED November 4, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[44] *See id.* at *7.